UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES B. HARGETT, by his guardian, Kathy Humphries, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 1:11-cv-1316-JMS-DKL ) |
| CORRECTIONAL MEDICAL SERVICES, INC.; INDIANA DEPARTMENT OF CORRECTION; DR. MICHAEL MITCHEFF, D.D.O.; DR. CHARLES R. ZIMONT, M.D.; DANIEL S. MIHALO, M.D.; MICHELLE L. HARRIS, L.P.N.; and DAVID CLARK, R.N., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**
on
**Indiana Department of Correction's *Motion to Dismiss* [doc. 21]**

Plaintiff James B. Hargett alleges that, as a result of the defendants' failures to provide him with adequate medical care while he was in the custody of the Indiana Department of Correction ("DOC"), he suffered and continues to suffer severe physical and mental injuries. According to the Amended Complaint, the DOC contracted with defendant Correctional Medical Services, Inc. ("CMS") to provide medical services at Mr. Hargett's custodial facility; defendant Dr. Michael Mitcheff, D.D.O., was CMS's regional

1

medical director, responsible for its medical policies and protocols at Mr. Hargett's facility; Defendant physicians Charles R. Zimont, M.D., and Daniel S. Mihalo, M.D., and nurses Michelle L. Harris, L.P.N., and David Clark, R.N., were employed by CMS or an agency that contracted with and supplied personnel to CMS and/or the DOC at the material times. All of the individual defendants allegedly were personally involved in Mr. Hargett's medical care.

Mr. Hargett has sued all of the defendants under 42 U.S.C. § 1983 for deprivation of his right under the Eighth Amendment of the United States Constitution not to be subjected to cruel and unusual punishments, Amended Complaint, Count I, and he has sued CMS, Dr. Mihalo, and nurses Harris and Clark for negligence under Indiana common law, *id.*, Count II. He might be asserting other state-law claims against all of the defendants under Count I as well, but he has not articulated or indicated specific causes of action. The DOC now moves to dismiss all claims against it for failure to state a claim, Fed. R. Civ. P. 12(b)(6), on the ground that it is not a "person" subject to suit under § 1983.[1] It asks that the dismissal be with prejudice.

It is well-established that, as an agency of Indiana's state government, the DOC is not a "person" which is subject to suit under § 1983. *Greenawalt v. Indiana Dept. of*

---

[1] The DOC also argued that it cannot be held vicariously liable under § 1983 for the acts or omissions of the other defendants by the doctrine of *respondeat superior*. The recommended disposition obviates the need to address this ground. The DOC also originally asserted its sovereign immunity against suits for damages under the Eleventh Amendment to the U. S. Constitution, but it withdrew that argument in its Reply.

2

*Correction*, 397 F.3d 587, 588-89 (7th Cir. 2005); *McDole v. Indiana Dept. of Correction*, No. 2:11-cv-232-JMS-WGH, *Order* [doc. 28], 2012 WL 130411, *3 (S.D. Ind., Jan. 17, 2012); *Huspoon v. Indiana Dept. of Correction*, No. 1:11-cv-109-TWP-DML, *Entry on Defendants' Motion to Dismiss* [doc. 43], 2011 WL 4730545, *2 (S.D. Ind., Oct. 7, 2011). *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Because the construction that states and their agencies are not "persons" under § 1983 rests on grounds that are independent of the states' sovereign immunity under the Eleventh Amendment, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67, 109 S.Ct. 2304, 2310, 105 L.Ed.2d 45 (1989), the DOC's unamenability to a § 1983 suit is not affected by the fact that the DOC waived its Eleventh-Amendment immunity by voluntarily removing this case to federal court, *see Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002).

Mr. Hargett did not dispute that the DOC is not amenable to suit under § 1983. Rather, he argued that the DOC should not be dismissed from this case with prejudice because he has asserted state claims against it. But, while Count I of the Amended Complaint — the only count against the DOC — conclusorally states that it is based on the Eighth Amendment "as well as state law claims against CMS and IDOC," Amended Complaint ¶ 3, the only claims actually articulated therein relate to the Eighth Amendment, *id.* ¶¶ 52, 54, and 55. Likewise, in his response to the present motion, Mr. Hargett states that the Amended Complaint "alleges both federal and state claims" against the DOC, yet

he does not articulate any state-law claim against the DOC that is pled in Count I. Count II of the Amended Complaint asserts only state common-law negligence claims against only CMS, one of the defendant doctors, and both nurses, further suggesting that state-law claims are not included in Count I or otherwise asserted against the DOC. Thus, in response to the DOC's argument — or assumption — that the Amended Complaint alleges only federal claims against it, Mr. Hargett has failed to demonstrate that state claims are asserted as well. He argues that discovery might further support, clarify, and/or reveal additional state-law claims against the DOC. In particular, he states that he hopes to discover whether the individual defendants were employees solely of CMS or were also employed by the DOC, and he expects to obtain a copy of the contract between CMS and the DOC. However, he does not describe the potential state claims this discovery might support.

Because the DOC cannot be sued under § 1983, regardless of the nature of Mr. Hargett's claims, any and all **federal claims** against it should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

Mr. Hargett requested an opportunity to amend his complaint if his claims against the DOC are dismissed. He also requested the Court to consider whether the case should be remanded to state court if the federal claims are dismissed. In the circumstances of this case, the Court should exercise discretion to afford Mr. Hargett a reasonable opportunity to cure his failure to articulate and adequately plead state-law claims against the DOC. See

4

*Independent Trust Corp. v. Steward Information Services Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562-63 (7th Cir. 2010), *cert. denied*, 132 S.Ct. 498, 181 L.Ed.2d 346 (2011).

Therefore, any **state-law claims** against the DOC should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. It is further recommended that, if this proposed disposition is adopted, the parties be ordered to meet with this magistrate judge in order to establish a deadline for Mr. Hargett's opportunity to adequately plead plausible state-law claims against the DOC and for the parties to present and support their positions on whether the Court should exercise its discretion under 28 U.S.C. § 1367(c) to remand any state-law claims against the DOC to the originating state court.

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations herein. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "[A] party normally waives the right to contest a magistrate judge's conclusions, both factual and legal, by not presenting an objection to the district court." *Tumminaro v. Astrue*, ___ F.3d ___, 2011 WL 5301607, *3 (7th Cir., Nov. 1, 2011). A district court is required to make a *de novo* determination of only those portions of a report or specified proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). A party's failure to object to a magistrate judge's recommended finding or recommendation

regarding an issue may result in a forfeiture of that issue on further appeal. *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010).

**SO RECOMMENDED.**

Date: 03/01/2012

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

James F. Bleeke
Jeb Adam Crandall
Christopher D. Simpkins
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com
jeb@bleekedilloncrandall.com
chris@bleekedilloncrandall.com

Caroline Burchett Briggs
BRIGGS LAW OFFICE
briggs.law@frontier.com

Corinne T. W. Gilchrist
Don R. Hostetler
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov
donald.hostetler@atg.in.gov

Jarrod Alvin Malone
HALL RENDER KILLIAN HEATH & LYMAN
jmalone@hallrender.com

John Kenneth Morris
MORRIS LAW FIRM
patent.lawyer@frontier.com