# UNITED STATES DISTRICT COURT
# for the SOUTHERN DISTRICT OF INDIANA,
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES B. HARGETT, by his guardian, Kathy Humphries, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO. 1:11-cv-1316-JMS-DKL |
| CORRECTIONAL MEDICAL SERVICES, INC.; INDIANA DEPARTMENT OF CORRECTION; DR. MICHAEL MITCHEFF, D.D.O.; DR. CHARLES R. ZIMONT, M.D.; DANIEL S. MIHALO, M.D.; MICHELLE L. HARRIS, L.P.N.; and DAVID CLARK, R.N., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION
## on
## Defendant Dr. Mitcheff's *Motion to Dismiss* [doc. 31]

In this suit, plaintiff James B. Hargett alleges that, as a result of Defendants' failures to provide him with adequate medical care while he was in the custody of the Indiana Department of Correction ("DOC"), he suffered and continues to suffer severe physical and mental injuries. According to the Amended Complaint, the DOC contracted with defendant Correctional Medical Services, Inc. ("CMS") to provide medical services at Mr. Hargett's facility and Dr. Michael Mitcheff, D.D.O., was CMS's regional medical director, responsible for its medical policies and protocols at Mr. Hargett's facility. Defendant

1

physicians Charles R. Zimont, M.D., and Daniel S. Mihalo, M.D., and nurses Michelle L. Harris, L.P.N., and David Clark, R.N., were employed by CMS or an agency that contracted with and supplied personnel to CMS and/or the DOC. All of the individual defendants allegedly were personally involved in Mr. Hargett's medical care. In Count I of the Amended Complaint, Mr. Hargett sues all of the defendants under 42 U.S.C. § 1983 for deprivation of his right under the Eighth Amendment of the United States Constitution not to be subjected to cruel and unusual punishment and, in Count II, he sues CMS, Dr. Mihalo, and nurses Harris and Clark for negligence under Indiana common law. As noted in this magistrate judge's Report and Recommendation on the DOC's motion to dismiss, Mr. Hargett has stated that he is also asserting state-law claims against all of the defendants under Count I, but he has not articulated specific causes of action.

Doctor Mitcheff now moves under Fed. R. Civ. P. 12(b)(1) to dismiss "any state law negligence cause of action against him" for lack of subject-matter jurisdiction, *Motion to Dismiss* [doc. 31] at 1 and 3, because Mr. Hargett has failed to comply with the prerequisites of a medical-malpractice action as provided in Indiana's Medical Malpractice Act, Ind. Code 34-18-1-1, *et seq.* ("Act"). Specifically, Dr. Mitcheff argues that this suit violates the Act's prohibition on filing malpractice suits in court before an administrative Medical Review Panel has issued a decision on a plaintiff's proposed complaint. Ind. Code 34-18-8-4. Mr. Hargett has, in fact, filed an administrative Proposed Complaint against Dr. Mitcheff, thus initiating the Medical Review Panel process, but while an exception in the

2

Act allows a court action to be filed while a Proposed Complaint is pending, the court-filed complaint may not contain information identifying the defendant and "the claimant is prohibited from pursuing the action" until the Panel issues its decision, *id.* 34-18-8-7, and Mr. Hargett has not complied with either of those restrictions.[1]

Mr. Hargett does not dispute Dr. Mitcheff's argument that the Court lacks subject-matter jurisdiction of any medical-malpractice claim against Dr. Mitcheff. Instead, Mr. Hargett asserts, as he did in response to Defendant Dr. Zimont's similar motion to dismiss, that "Count 1 of [the Amended Complaint] does not allege a medical malpractice claim but alleges a violation of the Eighth Amendment of the United States Constitution. Count 2 of that same complaint alleges a malpractice action but does not name Dr. Mitcheff in that count." (*Response to Defendant Dr. Michael Mitcheff's Motion to Dismiss Without Prejudice* [doc. 36] at 1). While Dr. Mitcheff recognizes that the Amended Complaint alleges that Defendants were both negligent and deliberately indifferent (without distinguishing Counts I and II), *Motion to Dismiss* ¶ 1, he contends that, by filing an administrative Proposed Complaint with the Department of Insurance that contains identical allegations against Dr. Mitcheff, Mr. Hargett "tacitly acknowledges that the allegations against Dr. Mitcheff sound in medical negligence and that the Department of Insurance is the proper

---

[1] Dr. Mitcheff submitted an affidavit from the Office Manager of the Patient's Compensation Fund for the Medical Malpractice Division of the Department of Insurance, who is responsible for maintaining the records of all individuals and entities who are qualified under the Act as "health care providers," stating that Dr. Mitcheff was a qualified health-care provider, and thus covered by the Act, from June 17 to August 22 of 2009, which is the period of time covered by Mr. Hargett's allegations.

venue for such allegations," *id.* ¶ 7 and 8.

If Dr. Mitcheff is arguing that Mr. Hargett has alleged *only* a state-law medical-malpractice claim against him in Count I, then the argument should be rejected for the same reasons set forth in this magistrate judge's Report and Recommendation on Dr. Zimont's similar motion to dismiss.

> A successful deliberate indifference claim is comprised of both an objective and a subjective element. First, an inmate must demonstrate that objectively the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." In the medical care context, this objective element is satisfied when an inmate demonstrates that his medical need itself was sufficiently serious. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Notably, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." Second, an inmate must establish that prison officials acted with a "'sufficiently culpable state of mind'" to support liability under § 1983. Although negligence or inadvertence will not support a deliberate indifference claim, an inmate need not establish that prison officials actually intended harm to befall him from the failure to provide adequate care. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk."

*Roe v. Elyea*, 631 F.3d 843, 856-58 (7th Cir. 2011) (citations omitted). Mr. Hargett has pled a colorable claim of an Eighth-Amendment deprivation. He alleged that **(1)** Defendants, including Dr. Mitcheff, denied him his hospital-prescribed anti-coagulant and other medications after repeated requests for them and notifications that he was a chronic-care heart patient and had been without his anti-coagulant for some time; **(2)** Defendants were

4

aware of Mr. Hargett's serious and worsening health condition; **(3)** Defendants failed to monitor and provide treatment for his reported worsening symptoms of endocarditis and impending stroke (*e.g.*, fever, body aches, chest pains, vision problems); **(4)** Defendants failed to transport him back to the hospital for a scheduled follow-up appointment; **(5)** Defendants' acts or omissions were a direct and proximate cause of his stroke and other severe injuries; **(6)** Defendants' failure to provide him with post-incident therapy and treatment exacerbated his injuries; **(7)** Defendants' acts or omissions were based in part on a medical protocol that is inconsistent with current medical standards; and **(8)** Defendants acted and/or failed to act with deliberate indifference under the Eighth Amendment. Reasonable inferences can be drawn from these allegations that Mr. Hargett had an objectively serious medical condition; that Defendants, including Dr. Mitcheff were actually aware of his condition; and that they were deliberately indifferent to it. Dr. Mitcheff did not contest the sufficiency of the Amended Complaint's statement of a deliberate-indifference claim.

As did Dr. Zimont, Dr. Mitcheff apparently fails to recognize that the same allegations can support multiple causes of action — in this case, either medical malpractice or deliberate indifference — depending on which evidence the jury credits and the inferences that they draw from that evidence. The allegations that Dr. Mitcheff argues support only a medical-malpractice claim are not necessarily inconsistent with a deliberate-indifference claim. See *Jester v. Zimont*, No. 1:11-cv-14, *Opinion and Order* [doc. 45], 2011 WL

5980204 (N.D. Ind., Nov. 29, 2011).

This magistrate judge's Report and Recommendation on the Indiana DOC's motion to dismiss found that it was unclear whether, and which, state-law claims are asserted in Count I, based on Mr. Hargett's assertions (in the Amended Complaint itself and in his briefing on the DOC's motion to dismiss) that state-law claims are pled but the absence of any articulation of such claims. Certainly, the express assertion of medical-malpractice claims in Count II indicates that no malpractice claims are asserted in Count I and, as noted, Mr. Hargett currently insists that no medical-malpractice claims are asserted against Dr. Mitcheff in Count I.

Therefore, this magistrate judge recommends that Dr. Mitcheff's motion be **GRANTED IN PART** and **DENIED IN PART**. To the extent that an Indiana medical-malpractice claim is asserted against Dr. Mitcheff in Count I of the Amended Complaint, it should be **dismissed without prejudice**. The motion otherwise should be **denied**.

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations herein. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). "[A] party normally waives the right to contest a magistrate judge's conclusions, both factual and legal, by not presenting an objection to the district court." *Tumminaro v. Astrue*, ___ F.3d ___, 2011 WL 5301607, *3 (7th Cir., Nov. 1, 2011). A district court is required to make

a *de novo* determination of only those portions of a report or specified proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). A party's failure to object to a magistrate judge's recommended finding or recommendation regarding an issue may result in a forfeiture of that issue on further appeal. *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010).

**SO RECOMMENDED.**

Date: 03/01/2012

*Denise LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

James F. Bleeke
Jeb Adam Crandall
Christopher D. Simpkins
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com
jeb@bleekedilloncrandall.com
chris@bleekedilloncrandall.com

Caroline Burchett Briggs
BRIGGS LAW OFFICE
briggs.law@frontier.com

Corinne T. W. Gilchrist
Don R. Hostetler
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov
donald.hostetler@atg.in.gov

Jarrod Alvin Malone
HALL RENDER KILLIAN HEATH & LYMAN
jmalone@hallrender.com

John Kenneth Morris
MORRIS LAW FIRM
patent.lawyer@frontier.com