UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES B. HARGETT *by his Guardian, Kathy Humphries*, | ) ) |
| Plaintiff, | ) ) ) 1:11-1316-JMS-DKL |
| *vs.* | ) ) |
| CORRECTIONAL MEDICAL SERVICES, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE
JUDGE'S RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

Defendants Indiana Department of Correction ("IDOC"), Dr. Charles R. Zimont, and Dr. Michael Mitcheff each filed Motions to Dismiss Plaintiff James B. Hargett's claims against them. [Dkts. 21; 23; 31.] The Court referred these motions to Magistrate Judge Denise LaRue for reports and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B), which have been entered, [dkts. 45; 47; 48]. Mr. Hargett timely filed objections to the reports and recommendations, [dkts. 50; 51; 52], and the Defendants filed timely responses, [dkts. 53; 54; 55].

**I.
STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b)(3) provides that the Court must determine *de novo* any part of the magistrate judge's disposition to which a party has timely objected. The Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. Pro. 72(b)(3).

**II.
BACKGROUND**

Mr. Hargett's Amended Complaint asserts state and federal claims as a result of allegedly substandard medical care he received while he was a prisoner at the IDOC. Specifically, Mr. Hargett alleges that on June 17, 2009, he was prescribed heart medication to prevent strokes and

heart attacks.  [Dkt. 1-8 at 3.]  Mr. Hargett contends that he filed written requests for his medication with the IDOC but that, despite repeated requests, he was not given the medication.  [*Id.*]  Mr. Hargett alleges that on August 15, 2009, he advised the IDOC that he had a fever, body aches, and was a chronic care heart patient, and that he subsequently complained of chest pains and vision problems.  [*Id.*]

Mr. Hargett was found unresponsive in his cell on August 22, 2009.  [*Id.*]  He alleges that he suffered a severe stroke as a direct and proximate cause of the defendants' actions or inactions and has been diagnosed with post-cerebral infarction with right hemiplegia and aphasia.  [*Id.* at 3-4.]  He further alleges that even after he suffered the stroke he was not provided occupational or speech therapy or even minimal physical therapy.  [*Id.* at 5.]  Mr. Hargett was ultimately released from the IDOC on humanitarian grounds.  [*Id.* at 4.]

In Count I, Mr. Hargett alleges that Dr. Zimont and Dr. Mitcheff were personally involved in his medical care and that all of the defendants failed to monitor his condition and provide follow-up care following the deprivation of his prescribed medication.  [*Id.*]  He further contends that the defendants' actions or inactions constituted deliberate indifference within the meaning of the United States Constitution and violated the Eighth Amendment.  [*Id.* at 5.]  In Count II, Mr. Hargett asserts that defendants Correctional Medical Services, Dr. Daniel Mihalo, Nurse Michelle L. Harris, and Nurse David Clark were negligent.  [*Id.* at 6.]

### III.
#### REPORTS AND RECOMMENDATIONS

Magistrate Judge LaRue issued a separate report and recommendation for each defendant's motion to dismiss.  The Court will summarize each in turn.

### A. IDOC [dkt. 45]

The IDOC moved to dismiss Mr. Hargett's claims against it, contending that it is not a "person" as that term is defined under 42 U.S.C. § 1983.  [Dkt. 22 at 2.]  Additionally, the IDOC argued that it could not be liable under a theory of vicarious liability for the actions of the other defendants.[1] [*Id.*]

After reviewing the parties' arguments, the Magistrate Judge agreed with the IDOC that it is not a "person" that is subject to suit under § 1983.  [Dkt. 45 at 2 (citing *Greenawalt v. Indiana Dept. of Correction*, 397 F.3d 587, 588-89 (7th Cir. 2005).]  Although Mr. Hargett did not dispute this well-established point, he argued that the IDOC should not be dismissed from this suit because he also asserted unspecified state-law claims against it.  After parsing the allegations in the Amended Complaint, the Magistrate Judge concluded that Mr. Hargett had failed to state any state-law claims against the IDOC despite opportunities to do so.  [Dkt. 45 at 4.]

For these reasons, the Magistrate Judge recommended that Mr. Hargett's § 1983 claim against the IDOC be dismissed with prejudice and that any state-law claims against the IDOC be dismissed without prejudice.  [*Id.* at 4-5.]  She further recommended that if that recommendation is adopted, the parties be ordered to meet with her to establish a deadline for Mr. Hargett to adequately plead plausible state-law claims against the IDOC.  [*Id.* at 5.]

### B. Dr. Zimont [dkt. 47]

Dr. Zimont moved to dismiss Mr. Hargett's claims against him because he contends that this Court does not have subject matter jurisdiction over any claims covered by the Indiana Medical Malpractice Act.  [Dkt. 24.]  Specifically, Dr. Zimont argues that Mr. Hargett failed to com-

---

[1] The IDOC initially argued that it had sovereign immunity under the Eleventh Amendment from § 1983 claims, [dkt. 22 at 2]; however, it withdrew that defense after Mr. Hargett pointed out that the IDOC waived that immunity by removing this case to federal court, [dkts. 32 at 2-3; 40 at 1 n.1].

ply with the provisions of the Act because he filed this suit identifying the medical provider before the medical review panel issued a decision.  Dr. Zimont argues that this divests the Court of jurisdiction, warranting dismissal.

The Magistrate Judge disagreed with Dr. Zimont that Mr. Hargett's claims only sounded in medical malpractice and concluded that Mr. Hargett pled a colorable Eighth Amendment claim against Dr. Zimont.  [Dkt. 47 at 8.]  Specifically, Mr. Hargett claimed that the defendants, including Dr. Zimont, were aware that he had an objectively serious medical condition but were deliberately indifferent to it.  [*Id.*]  The Magistrate Judge agreed with Dr. Zimont, however, that any medical malpractice claim against Dr. Zimont should be dismissed without prejudice for Mr. Hargett's failure to comply with the statutory requirements of the Indiana Medical Malpractice Act.  [*Id.* at 9.]

For these reasons, the Magistrate Judge recommended that Dr. Zimont's motion be granted with respect to the medical malpractice claim and denied in all other respects.

### C.  Dr. Mitcheff [dkt. 48]

Dr. Mitcheff moved to dismiss Mr. Hargett's claims against him for the same reason as Dr. Zimont, [dkt. 31], and the Magistrate Judge resolved his motion in the same manner, [dkt. 48].  Specifically, the Magistrate Judge recommended that Dr. Mitcheff's motion be granted with respect to the medical malpractice claim and denied in all other respects.

## IV.
## DISCUSSION

Mr. Hargett filed objections to all three of the Magistrate Judge's reports. The Court will address each in turn.

### A. Mr. Hargett's Objection to the IDOC Report and Recommendation[2]

Mr. Hargett challenges the Magistrate Judge's recommendation that his state-law claims be dismissed without prejudice because "Indiana is a notice pleading state" and discovery has not yet been completed. [Dkt. 52 at 2.] Mr. Hargett does not specifically identify any state-law causes of action that he may have against the IDOC or explain how discovery will help him determine what state-law claims he may have against the IDOC.

As an initial matter, the Court notes that federal, not state, pleading standards apply to all cases in federal court, regardless of the basis for subject matter jurisdiction. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). Under federal notice pleading, factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 2012 WL 752372 at *2 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* While the Court is mindful that Mr. Hargett initially brought this case in state court, it must nevertheless apply the federal procedural rules now that the case is in this forum.

---

[2] Mr. Hargett does not specifically challenge the Magistrate Judge's recommendation to dismiss his § 1983 claim against the IDOC with prejudice. [Dkt. 52.] To the extent he makes an objection with the cursory contention that the IDOC had a non-delegable duty of care that "meets the requirement for an allegation of deliberate indifference under the Eighth Amendment," [dkt. 52 at 2], the Court rejects his argument because Mr. Hargett failed to develop that position or distinguish his case from the well-established principle that the IDOC is not a "person" within the meaning of § 1983. *See, e.g.*, *Greenawalt*, 397 F.3d at 588-89 (affirming district court's dismissal of § 1983 claim against IDOC because it is not a "person" within the meaning of the statute).

Mr. Hargett asserts that he has tried to discover the relationship between the individual defendants and the IDOC—namely, whether the individual defendants were solely employees of Correctional Medical Services or whether they were also IDOC employees. [Dkt. 53 at 2.] Mr. Hargett does not identify a potential state-law claim that this information would support, despite the fact that he has had multiple opportunities to do so during the briefing. However, because Mr. Hargett's Amended Complaint generally contemplates "state law claims" that his allegations may support, [dkt. 1-8 at 1], and the IDOC has waived sovereign immunity by removing this case to federal court, the Court agrees with the Magistrate Judge's recommendation to afford Mr. Hargett a reasonable opportunity to adequately plead state-law claims against the IDOC. Mr. Hargett should be mindful, however, that he must plead a plausible state law claim against the IDOC for his amended complaint to pass muster.

For these reasons, Mr. Hargett's objection, [dkt. 52], to the Magistrate Judge's report concerning the IDOC is overruled, and the Court adopts the recommendations contained therein. Accordingly, Mr. Hargett's § 1983 claim against the IDOC is dismissed with prejudice and Mr. Hargett's state-law claims against the IDOC are dismissed without prejudice. The parties are ordered to confer with the Magistrate Judge within ten days to establish a deadline for Mr. Hargett to plead plausible state-law claims against the IDOC.[3]

### B. Mr. Hargett's Objection to the Dr. Zimont Report and Recommendation

Mr. Hargett requests a clarification of the Magistrate Judge's recommendation about his claims against Dr. Zimont. He contends that it is "not entirely clear" whether the report permits

---

[3] Because Mr. Hargett has not identified any state-law causes of action he currently has against the IDOC and the Court has granted him leave to replead his allegation, it is premature for the Court to determine whether his state-law claims would remain in federal court under the Court's supplemental jurisdiction, 28 U.S.C. § 1367, or would be remanded to state court. [Dkt. 52 at 3 (requesting that the Court determine "whether this case should remain in Federal Court or be remanded to the state court" if the federal claim against the IDOC is dismissed).]

him to proceed with his § 1983 claim against Dr. Zimont as long as he agrees not to pursue the medical malpractice claim until a result is obtained from the medical review panel. [Dkt. 50 at 1.] If so, Mr. Hargett admits that his objection "may be moot." [*Id.* at 2.] Mr. Hargett contends, however, that the Court must address whether it is advisable to divide the § 1983 and medical malpractice claims into two suits, which may result in Mr. Hargett proceeding against Dr. Zimont twice. [*Id.*]

The Court reads the Magistrate Judge's recommendation as allowing Mr. Hargett to continue to proceed with his § 1983 claim against Dr. Zimont in this forum without reservation (hence the recommendation to deny Dr. Zimont's motion to dismiss with respect to that claim). The Court agrees with this conclusion based on the determination in the Magistrate Judge's report that Mr. Hargett's allegations support a deliberate-indifference claim. [Dkt. 47 at 9.] Because the Court adopts this portion of the Magistrate Judge's recommendation and will allow Mr. Hargett to proceed with his § 1983 claim against Dr. Zimont, per Mr. Hargett's concession, the remainder of his objection concerning that claim is moot.

With regard to Mr. Hargett's purported medical malpractice claim against Dr. Zimont, the Court adopts the Magistrate Judge's recommendation in part. Mr. Hargett argues that the Magistrate Judge incorrectly concluded that he has not complied with the Medical Malpractice Act's requirement to submit a claim to the Medical Review Panel and to file any lawsuit anonymously until a determination by that panel. Mr. Hargett directs the Court to an anonymous complaint he filed in state court in August 2011, which remains pending in that forum. [Dkt. 33-1.] He asserts that his complaint in federal court is the "second, *named*, complaint which was filed concurrently with the anonymous complaint, to address other issues outside the Act." [Dkt. 50 at 3 (original emphasis).] Mr. Hargett does not explain how he intends to simultaneously pursue an

Act-based medical malpractice action in this forum and in state court, particularly when he admits that the action pending here was filed to "address other issues outside the [Indiana Medical Malpractice] Act." [*Id.*]  Therefore, the Court agrees with the effect of the Magistrate Judge's recommendation, which is that Mr. Hargett cannot pursue a medical malpractice claim against Dr. Zimont in federal court for medical care he received or failed to receive while Dr. Zimont was a qualified health care provider under the Act.

But Dr. Zimont's situation becomes more complicated.  It is undisputed that Dr. Zimont did not become a qualified health care provider entitled to the protections afforded by the Indiana Medical Malpractice Act until August 17, 2009.  [Dkts. 50 at 5; 55 at 4.]  Some of Mr. Hargett's allegations precede that date, [dkt. 1-8 at 3], although it is unclear whether those allegations concern actions or inactions by Dr. Zimont.  If they do, Mr. Hargett may have a claim for medical malpractice against Dr. Zimont that is not covered by the Indiana Medical Malpractice Act.  *See Spangler v. Bechtel*, 958 N.E.2d 458, 461 (Ind. 2011) (holding that parties who were not qualified health care providers "on the relevant dates of treatment" are not covered by the Act); Ind. Code § 34-18-3-1 ("A health care provider who fails to qualify under this article is not covered by this article and is subject to liability under the law without regard to this article.  If a health care provider does not qualify, the patient's remedy is not affected by this article.").

For these reasons, the Court agrees with the Magistrate Judge's recommendation to dismiss Mr. Hargett's medical malpractice claim against Dr. Zimont without prejudice to the extent it is based on actions or inactions that occurred after Dr. Zimont became a qualified health care provider on August 17, 2009.  If Mr. Hargett has a claim against Dr. Zimont for actions or inac-

tions before that date, he may specifically plead it after conferring with the Magistrate Judge as contemplated in the previous section.[4]

### C.  Mr. Hargett's Objection to the Dr. Mitcheff Report and Recommendation

Mr. Hargett objects to the Magistrate Judge's report and recommendation concerning his claims against Dr. Mitcheff for the same reasons he objected to the report concerning Dr. Zimont.  For the same reasons explained in the previous section, the Court adopts the Magistrate Judge's recommendation concerning Mr. Hargett's § 1983 deliberate indifference claim against Dr. Mitcheff.  That claim is outside the scope of the medical malpractice act and may be pursued here.

With regard to the medical malpractice claim, unlike the allegations against Dr. Zimont, it is undisputed that Dr. Mitcheff was a qualified health care provider during the entire relevant time period.  Therefore, all malpractice claims concerning Dr. Mitcheff's actions or inactions are covered by the Indiana Medical Malpractice Act, and Mr. Hargett already has a medical malpractice action pending in state court against Dr. Mitcheff.  [Dkt. 51 at 3.]  For the reasons explained in the previous section, the Court agrees with the effect of the Magistrate Judge's recommenda-

---

[4] The Court disagrees with Dr. Zimont that it must decide at this time whether to allow Mr. Hargett to proceed with both a state-court action and this federal action against Dr. Zimont. Based on the Court's rulings, Mr. Hargett will have an opportunity to replead his claims.  Although any party may file a motion seeking joinder or a stay if it believes such a motion is appropriate based on the amended claims, the parties should bear in mind that the defendants chose to remove this case from state court to federal court.  The removal created the problem with dual forums.  The Court is not aware of authority that would allow it to order this case joined with a pending state court action.  Moreover, while any party may move to stay this action pending the outcome of the medical review panel, § 1983 claims are independent of medical malpractice claims. The federal claims need not languish while the panel process runs its course.

tion, which is to dismiss Mr. Hargett's medical malpractice claim against Dr. Mitcheff without prejudice.[5]

## V.
### CONCLUSION

Mr. Hargett's objection, [dkt. 52], to the Magistrate Judge's report about the IDOC's Motion to Dismiss, [dkt. 21], is **OVERRULED**. The IDOC's motion to dismiss is **GRANTED** with respect to the § 1983 claim and **GRANTED** with respect to state-law claims, but without prejudice to Mr. Hargett's ability to specifically plead state-law claims. Accordingly, Mr. Hargett's § 1983 claim against the IDOC is **DISMISSED WITH PREJUDICE** and Mr. Hargett's state-law claims against the IDOC are **DISMISSED WITHOUT PREJUDICE**.

Mr. Hargett's objection, [dkt. 50], to the Magistrate Judge's report about Dr. Zimont's Motion to Dismiss, [dkt. 23], is **OVERRULED IN PART**. Dr. Zimont's motion to dismiss is **DENIED** with respect to the § 1983 claim and **GRANTED** with respect to Mr. Hargett's medical malpractice action against Dr. Zimont for actions or inactions that occurred after Dr. Zimont became a qualified health care provider on August 17, 2009. If Mr. Hargett can assert a plausible claim for the actions or inactions of Dr. Zimont that occurred before August 17, 2009, he may do so in his amended pleading.

Mr. Hargett's objection, [dkt. 51], to the Magistrate Judge's report about Dr. Mitcheff's Motion to Dismiss, [dkt. 31], is **OVERRULED**. Dr. Mitcheff's motion to dismiss is **DENIED** with respect to the § 1983 claim and **GRANTED** with respect to Mr. Hargett's medical malpractice claim against Dr. Mitcheff, who was a qualified health care provider at all relevant times.

---

[5] For the reasons explained in the previous footnote, the Court disagrees with Dr. Mitcheff that it must decide at this time whether to allow Mr. Hargett to proceed with both a state-court action and this action against Dr. Mitcheff.

The parties are **ORDERED** to confer with the Magistrate Judge **within ten days** to establish a deadline for Mr. Hargett to file an amended complaint consistent with this ruling.

04/20/2012

    Hon. Jane Magnus-Stinson, Judge
    United States District Court
    Southern District of Indiana

**Distribution via ECF only:**

James F. Bleeke
BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Caroline Burchett Briggs
Briggs Law Office
briggs.law@frontier.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Corinne T.W. Gilchrist
OFFICE OF THE INDIANA ATTORNEY GENERAL
corinne.gilchrist@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Jarrod Alvin Malone
HALL RENDER KILLIAN HEATH & LYMAN
jmalone@hallrender.com

John Kenneth Morris
MORRIS LAW FIRM
patent.lawyer@frontier.com

Christopher D. Simpkins
BLEEKE DILLON CRANDALL PC
chris@bleekedilloncrandall.com