UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES B. HARGETT, *by his Guardian Kathy Humphries*, <br>     Plaintiff, <br><br> vs. <br><br> CORRECTIONAL MEDICAL SERVICES, INC., *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> )  1:11-cv-1316-JMS-DKL <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Presently pending before the Court is Defendant Correctional Medical Services, Inc. ("CMS") and Dr. Michael Mitcheff's Motion for Attorney Fees (collectively, "Defendants"). [Filing No. 190.] Defendants request $3,529 for attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) for time spent addressing a discovery dispute. [Filing No. 210 at 5.] For the following reasons, the Court denies Defendants' motion. [Filing No. 190.]

### A. Relevant Background

On April 7, 2014, Mr. Hargett filed two motions alleging that Defendants had failed to produce a complete set of discovery. [Filing No. 172; Filing No. 173.] Specifically, Mr. Hargett alleged that the discovery Defendants produced did not contain emails related to pertinent time periods during Mr. Hargett's medical care, which Mr. Hargett had requested. [Filing No. 172; Filing No. 173.] The Magistrate Judge assigned to this case held a telephonic conference on this discovery dispute on April 16, 2014, and ordered Defendants to either produce the requested email discovery or specify the bates numbered pages of the discovery they had already produced containing the requested information. [Filing No. 183.]

Upon further review, Defendants discovered that they had already provided the requested information to Mr. Hargett, as early as August 22, 2013. [Filing No. 190 at 2.] Accordingly, Defendants filed a Notice of Compliance with the Court.[1] [Filing No. 186.]

The assigned Magistrate Judge held a second telephonic conference on April 25, 2014, to determine whether Defendants had complied with the Court's previous order. [Filing No. 189.] At that conference, the Magistrate Judge concluded that any dispute surrounding the emails allegedly missing from Defendants' earlier production "is resolved against Plaintiff and the issue is closed." [Filing No. 189 at 2.] Defendants informed the Court that they would be seeking attorney fees for time spent to confirm the accuracy of their previous production, given that the issue had been resolved in their favor. [Filing No. 189 at 2-3.] That motion is now fully briefed and pending before the Court. [Filing No. 190.]

### B. Applicable Standard

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Thus, while typically the loser pays, *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994), Rule 37(a)(5)(B) further provides that the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." This Court has "broad discretion in discovery matters." *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013).

---

[1] Defendants filed a Second Notice of Compliance on May 29, 2014. [Filing No. 215.]

### C. Decision

Defendants ask the Court to award them $3,529 for attorney fees they incurred verifying that they had already produced emails requested during discovery that Mr. Hargett alleged they had not. [Filing No. 190; Filing No. 210 at 5.] Specifically, Defendants contend that Mr. Hargett's erroneous allegation "even if an unintentional oversight, was unjustified and Defendants have incurred attorney's fees to investigate and defend these allegations, attend status conferences before this Court and in filing this motion." [Filing No. 190 at 3.]

In response, Mr. Hargett justifies his motion to compel by noting that the emails included in the produced medical records "are poorly delineated, often making it difficult to identify precisely what comprises any given document." [Filing No. 206 at 2.] Mr. Hargett further notes that after he made Defendants aware that he did not believe they had produced the requested emails, "Defendants did not assist the Plaintiff in identifying purported emails." [Filing No. 206 at 2.] Thus, Mr. Hargett asserts that Defendants should not be awarded their fees because "[t]his entire discovery controversy could have been avoided if the Defendants simply advised Plaintiff that the emails did not appear to be emails, but were in a different form." [Filing No. 206 at 2.]

On reply, the Defendants point out that Mr. Hargett took Dr. Mitcheff's deposition before the discovery dispute at issue and during that deposition, Dr. Mitcheff pointed to an email that was part of Mr. Hargett's medical file produced during discovery. [Filing No. 210 at 2-3.] Thus, Defendants argue that Mr. Hargett's erroneous representations regarding Defendants' discovery production were not substantially justified. [Filing No. 210 at 4-5.]

Having just ruled on the Defendants' summary judgment motion, the Court is very familiar with the medical records designated in support of that motion. The Court's own experience reviewing those records confirms Mr. Hargett's representation that it is very difficult to discern

what is an email and where pertinent emails are located. The emails are contained within Mr. Hargett's medical file, but are not clearly identified as such and are not easy to locate. [*See, e.g.*, Filing No. 152-4 at 22-23 (email to Dr. Mitcheff with non-formulary drug request and affirmative response with initials "Yes mm.").] The Court further agrees with Mr. Hargett that his motion to compel could have been avoided had defense counsel talked to Mr. Hargett's counsel and explained what the emails looked like and given examples of where they could be located. Defendants ultimately did this, but not until after the motion to compel had been filed and a telephonic conference with the Magistrate Judge had been held. [Filing No. 210 at 1-2 (Defendants' reply admitting that "[i]n compliance with this Court's Order following the April 16, 2014 discovery conference, Defendants identified the bates page numbers to assist Plaintiff's counsel in identifying the emails").] For these reasons, the Court concludes that Plaintiff's motion to compel was substantially justified.

### D. Conclusion

Defendants are reminded that discovery is meant to be a cooperative endeavor, requiring minimal judicial intervention. See *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976). Had defense counsel promptly responded to Mr. Hargett's inquiries regarding the location and format of produced emails, or even proactively explained the confusing nature of the email formatting at the outset of its production, this discovery dispute could have been avoided. For these reasons, the Court concludes that Plaintiff's motion was substantially justified pursuant to Rule 37(a)(5)(B) and **DENIES** Defendants' Motion for Attorney's Fees. [Filing No. 190.]

**Distribution via ECF only:**

James F. Bleeke
 BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Jeb Adam Crandall
 BLEEKE DILLON CRANDALL PC
jeb@bleekedilloncrandall.com

Rachel A. East
BLEEKE DILLON CRANDALL, PC
rachel@bleekedilloncrandall.com

Caroline Burchett Briggs
BRIGGS LAW OFFICE
carolinebriggslawoffice@yahoo.com

Jarrod Alvin Malone
HUDDLESTON BOLEN LLP
jmalone@hallrender.com

John Kenneth Morris
MORRIS LAW FIRM
patent.lawyer@frontier.com